JUDGE ELLIOTT
delivered the opinion of the court.
This appeal is from a judgment of the Gallatin Circuit Court against appellant for $60 and costs on an indictment for obstructing a public highway of said county by the erection of a fence across it, and continuing the same for the period of sixty days.
Two objections are urged for reversal.
First, it is urged that, as appellant owned the land where the fence was built across the road, to fix his liability it was necessary for the surveyor or superintendent of the road to *265 give him notice to remove the obstruction; but such is not our construction of the statute.
Chapter 94, article 1, section 41 of the General Statutes reads as follows: “ When a fence shall be erected in or across a public road, the person erecting or causing to be erected such fence shall pay a fine of one dollar for every twenty-four hours the fence shall continue in or across the road.”
The same section further provides that if any person has been guilty of obstructing the public highway by the erection of a fence across the same, it is the duty of the owner of the land at the place of said obstruction to remove the fence from the road upon notice so to do by the surveyor or superintendent of said road, and on failure so to do, the owner of the land where the obstruction occurs is liable to a fine of one dollar for each twenty-four hours of default.
It is therefore plain that if the owner of the soil erects a fence across the public highway on his own land, no notice to him to remove the same is necessary to fix his responsibility under the statute; but if another builds the fence across the public road, the owner of the land where the obstruction occurs is not responsible for its continuance unless he has been notified by the surveyor or superintendent of the road to remove the same, and makes default.
But it is contended by appellant that there is a variance between the allegations in the indictment and the proof adduced on the trial, but such variance is not perceived by this court. The indictment charges appellant with obstructing the public highway of Gallatin County called the Gill road, between two named points on said road, and the proof conduces to locate 'said obstruction between the points indicated in the indictment and on the said Gill road.
It is true the proof indicated that the overseers of that part of said Gill road obstructed by the fence had failed for several years to have the same kept in good repair, but there is no *266 evidence in the record that the public had abandoned the road as a public highway, and the proof is ample that the road had been traveled and used as a public road for thirty odd years.
There are no errors perceived in the giving or refusing instructions by the court.
Wherefore the judgment is affirmed with costs and damages, as it appears that the judgment in the circuit court has been superseded.