THE STATE v. ROBINSON ET AL.

1. **Highway**: OBSTRUCTION OF: FAILURE TO REMOVE FENCE. The failure of an owner of land to remove a fence, built across a public road by a former owner, will not constitute the indictable offense of obstructing a public highway, in the absence of notice to open the road.

*Appeal from Polk District Court.*

SATURDAY, OCTOBER 25.

THE defendants were charged with having obstructed and incumbered a certain public highway on the first day of Jan-

nary, 1875, and with having maintained the obstruction until the finding of the indictment. Verdict and judgment having been rendered against them, they appeal.

*Bowen & Leavens* and *Miller & Godfrey*, for appellants.

*J. F. McJunkin, Attorney General*, for the State.

ADAMS, J.—The alleged road crosses the defendant's farm. The obstruction complained of consists of certain fences 1. HIGHWAY: erected many years ago by one Tuttle, a former obstruction of: failure to owner of the farm. The defendants have kept the remove fence. fences in repair. No notice appears to have been served upon them to open the road. The court gave an instruction in these words: " It is not essential to the sustaining of the indictment that the prosecution should show that the highway referred to (if established) was obstructed or incumbered, as charged, during all the time stated therein, that is, from the first day of January, 1875, until the eleventh day of December, 1876. But if you find from the evidence that it was so obstructed or incumbered at or during any part of said time, so far as time is concerned, the proof will be sufficient; and further, if such obstruction or incumbrance was in said highway during any part of said time, it is immaterial that such obstruction or incumbrance may have been placed there prior to that time." To the giving of the foregoing instruction the defendants excepted.

In our opinion the court erred in instructing the jury that the proof would be sufficient if they found that the road was obstructed at or during any part of the time. The mere failure to remove an obstruction placed in the road by others does not constitute the offense charged, especially in the absence of any notice to open the road. *Willey v. Town*, 59 Ill., 307; *Carver v. Commonwealth*, 12 Bush (Ky.), 264.

Nor do we think that in the absence of such notice the repairing of the fence constituting the obstruction could be regarded as obstructing the road. It is the fence itself, and not its condition merely, of which the public has a right to complain.

REVERSED.